MARY E. MALLON, v. ANN B. LUDDEN *et al.*, Appellees, L. A. LUDDEN, Appellant.

DECISION THAT ACTION IS IN LAW, WHEN NOT REVIEWED.

*Appeal from Guthrie District Court.*—HON. A. W. WILKINSON, Judge.

FRIDAY, OCTOBER 12, 1894.

THE plaintiff seeks by this action to recover a debt against the defendant Ann B. Ludden, and, as part of the relief demanded, she asked that the judgment be made a lien on forty acres of land which it is alleged was set off to Ann Ludden as the widow of Amenzo Ludden, deceased. The heirs of Amenzo Ludden were made parties defendant, and they filed an answer, and one of them filed a cross bill against the other defendants, demanding a partition of the land. The district court rendered a judgment in favor of the plaintiff and against Ann B. Ludden for the amount found to be due on the money demand, and refused to consider the claims of the parties to the land. L. A. Ludden, the author of the cross bill, appeals.—*Affirmed.*

*E. R. Sayles* for appellant.

No appearance for appellee.

Rothrock, J.—The record presented in this case is an anomaly. *First,* there is the petition in equity; *second,* the answer; *third,* the cross bill; *fourth,* the amendment to cross bill; *fifth,* second amendment to cross bill; *sixth,* third amendment to cross bill; *seventh,* fourth amendment to cross bill; *eighth,* answer to cross bill and amendments; *ninth,* answer of guardian *ad litem; tenth,* amendment to petition; *eleventh,* amendment to answer. When the matter was submitted to the court, all of the causes of action were disregarded, except the money demand of plaintiff against Ann B. Ludden. This ignoring of the other issues was no doubt thought to be necessary to the orderly administration of justice. When the parties concluded the filing of their pleadings, what ought to have been a simple action at law for the recovery of money was pleaded with an equitable demand that Ann B. Ludden's title to the land be established as against the other heirs. Then there was a cross bill in equity for partition, and a contest as to whether the widow had any right in the land. It is claimed that there was no misjoinder of actions, and that no objection was made to the pleadings. It may be that as the court had jurisdiction of actions at law and suits in equity to establish money demands against real estate, and actions for the partition of real property, the court would not ordinarily be justified in refusing to entertain a joinder of such suits, even when two suits are joined in the same pleading contrary to the statute. But this question we do not decide. We think, in view of the wilderness through which the court was invited to travel in this case, it can not be said that there was error in refusing to entertain any but the one cause of action. The plaintiff now has a judgment on the money demand. If Ann B. Ludden has an interest in the land, the judgment is a lien on such interest, and the courts are open to the enforcement of the lien against any one who resists it. The judgment of the district court is AFFIRMED.